UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ETHEL PANCOTTI, | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No: 3:06cv1674 (PCD) |
| | : |
| BOEHRINGER INGELHEIM | : |
| PHARMACEUTICALS, INC., ET AL., | : |
|     Defendants. | : |

## RULING ON MOTION TO DISMISS

Plaintiff Ethel Pancotti brought this action against Defendants: Boehringer Ingelheim Pharmaceuticals, Inc.; Plan Administrator, Boehringer Ingelheim Ltd. and Affiliated Companies Group Insurance Plan; Employee Benefits Plan Committee, Boehringer Ingelheim Ltd. and Affiliated Companies Group Insurance Plan; Boehringer Ingelheim Ltd. and Affiliated Companies Group Insurance Plan (collectively "Boehringer Defendants"); and CIGNA Corporation and Connecticut General Life Insurance Company ("CGLIC) (collectively "CIGNA Defendants")[1] under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (2000) ("ERISA"). The CIGNA Defendants have filed, pursuant to Federal Rule of Civil Procedure 12(b)(6), a Motion to Dismiss Counts One through Five, Six, and Nine. For the reasons stated herein, the CIGNA Defendants' Motion to Dismiss [Doc. No. 41] is **granted**.

### I.    BACKGROUND[2]

---

[1]     As a background matter, the CIGNA Defendants urge that CIGNA is a parent corporation and not a proper litigant in this case. (Defs.' Mem. Supp. Mot. to Dismiss 6, n.2.) This issue is not relevant to this memorandum, however, as the CIGNA Defendants do not move to dismiss claims against CIGNA and CGLIC on that ground, and refer to themselves as the "CIGNA Defendants" throughout their Reply Memorandum.

[2]     A court considering a motion to dismiss under Rule 12(b)(6) may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993). The statement of facts that follows is derived

Rudy Pancotti worked for Boehringer Ingelheim Ltd. from 1976 until his death in 1992. (Second Amend. Compl. ¶ 19.) Plaintiff, Mr. Pancotti's widow, is a beneficiary of certain of his employee benefits under Boehringer's Survivor Income Benefit Protection Plan (hereinafter "Plan"). (Id. ¶¶ 18, 20.) Defendants CIGNA and CGLIC are fiduciaries of the Plan and issue benefits under it. (Id. ¶¶ 21-22.)

In July of 2000, the CIGNA Defendants wrote a letter to Plaintiff informing her that she would continue to receive a monthly benefit "for the remainder of your life, unless you remarry." (Id. ¶ 30; Ex. B.) This communication confused Plaintiff because Boehringer had, at some point between Mr. Pancotti's death and 2001, told her that her benefits would end at age sixty-five. (Second Amend. Compl. ¶ 31.) Plaintiff wrote to the CIGNA Defendants and asked for clarification as to the extent of her survivor benefits. (Id. ¶¶ 32-33; Ex. C.) Plaintiff received an oral response from Michelle Black, an agent for the CIGNA Defendants, explaining that her benefits would continue for her entire life unless she remarried. (Second Amend. Compl. ¶ 34.) Three days later, she received written confirmation from Ms. Black that her benefits would continue for the duration of her life unless she remarried. (Id. ¶ 36; Ex. D.)

Plaintiff, upon the belief that she would receive lifetime benefits, relied on this information in deciding whether to pursue other sources of income. (Second Amend. Compl. ¶ 39.) In addition, Plaintiff, a nursing assistant, terminated her employment so she could care for an ill friend. (Id. ¶ 40.) In early February 2006, the CIGNA Defendants notified Plaintiff in writing that because she had reached age sixty-five in 2004, her benefits should have terminated at that time. (Id. ¶ 41; Ex. F.) The CIGNA Defendants subsequently terminated Plaintiff's

---

solely from Plaintiff's Complaint and the documents attached to it. See Part II, infra.

benefits. (Second Amend. Compl. ¶ 42.)

The CIGNA Defendants never provided Mr. Pancotti with relevant Plan documents, including the Plan Contract itself or a copy of the Summary Plan Description (hereinafter "SPD"). (Id. ¶ 24.) They also did not provide Plaintiff with those documents until her counsel requested them to do so, at which point the CIGNA defendants provided her with an SPD that contained conflicting information as to when her benefits would end. (Id. ¶ 23, 55, 60; Ex. A-1, A-2.) The CIGNA Defendants never corrected the conflicting information, and CIGNA's agent, Michele Black, relied on the allegedly defective SPD in explaining Plaintiff's benefits to her. (Second Amend. Compl. ¶ 57.)

Plaintiff filed this action against the Boehringer Defendants and the CIGNA Defendants in October, 2006, alleging various violations in regards to her alleged benefits under her late husband's employee benefits plans. In her Second Amended Complaint [Doc. No. 44], Plaintiff asserts claims against the CIGNA Defendants for breach of fiduciary duty (Count One), failure to provide information summaries (Counts Two and Three), discrimination against her in retaliation for exercising her right to benefits (Count Four), promissory estoppel (Count Five), negligent misrepresentation (Count Six), and fraud (Count Nine). Plaintiff also alleges a violation of Section 502(a) of ERISA by both the Boehringer and CIGNA Defendants (Count Seven), and a violation of Section 1024 of ERISA by only the Boehringer Defendants (Count Eight).

## II. STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 744,

779 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, __ U.S. __, 127 S. Ct 1955, 1960, 167 L. Ed. 2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.[3]

In ruling on a motion under Rule 12(b)(6), the Court may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993). When a plaintiff "fails to introduce a pertinent document as part of his pleading, [a] defendant may introduce the exhibit as part of his motion attacking the pleading." Meyer Pincus & Assocs. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir. 1991) (internal citation omitted). The CIGNA Defendants have attached the Group Insurance Plan for Boehringer Ingelheim Ltd. (Ex. 2.) Plaintiff, however, argues that the

---

[3] The Second Circuit recently questioned the extent to which Bell Atlantic applies outside of the antitrust context. See Iqbal v. Hasty, __ F.3d __, 2007 U.S. App. LEXIS 13911, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007). The court in Iqbal adopted a "flexible plausibility standard," which "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Id. Here, because the Complaint is deficient even under the prior Rule 12(b)(6) pleading standard, the Court need not determine whether such amplification is required.

4

CIGNA Defendants may not introduce this Plan document as an exhibit at the motion to dismiss stage. (Pl.'s Mem. 4.) Because Plaintiff's claim is based on an alleged misrepresentation as to the extent of Plaintiff's benefits under the Plan, the document is incorporated by reference in the Complaint and can be considered by this Court.

## III. DISCUSSION

### A. Count One (Breach of Fiduciary Duty)

Plaintiff brings Count One pursuant to Section 1132 (a)(3) of ERISA, which provides in relevant part:

> A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act of practice that violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132 (a)(3). Plaintiff alleges that the CIGNA Defendants' actions "constitute arbitrary, capricious, and wrongful and grossly negligent conduct… in administering the Plan." (Second Amend. Compl. ¶ 45.). Plaintiff also alleges that the CIGNA Defendants breached their fiduciary duty to inform by stating that Plaintiff's benefits would continue for the duration of her life unless she remarried. (Id. ¶ 46.) In connection with these claims, Plaintiff requests the following relief:

> a) an equitable lien placed upon the profits and/or separate account assets from Defendants' CIGNA and CGLI policy number 0386511 and 2503630 and any other relevant policy in favor of Plaintiff; b) equitable restitution; c) reimbursement of all litigation expenses; and d) such other and further relief as this court may deem appropriate and equitable, including, if proper, reformation of the plan.

(Id. ¶ 49.) The CIGNA Defendants move to dismiss Count One on the grounds that Plaintiff

5

does not seek equitable relief as required of ERISA claims. (Defs.' Mem. Supp. Mot. to Dismiss 9.)

The United States Supreme Court has held that the text of ERISA leaves no doubt that Congress intended the phrase "other equitable relief" in § 1132 (a)(3) to include only those types of relief that "were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993). Legal relief, such as monetary "make whole" relief, is therefore unavailable under ERISA. Id. at 255. Restitution is not an equitable remedy unless the action seeks "not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002); accord Sereboff v. Mid Atl. Med. Servs., Inc., 126 S. Ct. 1869, 1874 (2006) (relief sought was equitable because it sought reimbursement through an equitable lien on a specifically identified fund and not on defendant's assets generally). Suits that seek to "compel the defendant to pay a sum of money to the plaintiff," however, are "almost invariably... suits for money damages... since they seek no more than compensation for loss resulting from the defendant's breach of a legal duty." Great-West Life, 534 U.S. at 210.

Here, Plaintiff seeks monthly benefit payments for life, notwithstanding her characterizing the relief as "equitable restitution" and "an equitable lien to satisfy the payment." (Second Amend. Compl. ¶ 49.) But "any claim for legal relief can, with lawyerly inventiveness, be phrased in terms of an injunction." Great-West Life, 534 U.S. at 211, n.1. To grant Plaintiff the relief she seeks would be to order an injunction compelling the CIGNA Defendants to pay monetary damages, which are unavailable under ERISA. Moreover, the CIGNA Defendants

6

correctly point out that Plaintiff fails to identify a particular sum of money in the CIGNA Defendants' possession that she is entitled to recover. (Defs.' Reply Mem. 3). Plaintiff merely seeks monthly payments for the remainder of her life, to be satisfied through "an equitable lien placed on the profits and/or separate account assets" from certain of the CIGNA Defendants policy numbers. (Second Amend. Compl. ¶ 49.) As such, Plaintiff seeks neither equitable relief nor enforcement of the Plan's terms. Because ERISA allows only equitable relief to enforce the plan, Plaintiff has failed to state a claim under § 1132(a)(3), and Count One is hereby dismissed.

### B. Counts Two and Three (Failure to Provide Information Summaries)

In Counts Two and Three, Plaintiff alleges that the CIGNA Defendants breached their fiduciary duty and violated §§ 1022(b) and 1024 of ERISA by initially failing to provide an SPD, subsequently providing a defective SPD, and failing to disclose material modifications to the SPD. (Second Amend. Compl. ¶¶ 53, 60-61.) ERISA imposes a duty upon the administrator of a benefit plan to furnish a Summary Plan Description setting forth information such as the name and type of benefit plan, the plan's requirements with respect to eligibility for participation and benefits, and the circumstances that may result in disqualification, ineligibility, or denial or loss of benefits. 29 U.S.C. §§ 1022(b), 1024.

The CIGNA Defendants argue that Counts Two and Three should be dismissed because Plaintiff has not alleged that she has been prejudiced as a result of the delay in receiving the SPD, the alleged defectiveness of the SPD, or by alleged changes in the SPD. (Defs.' Mem. Supp. Mot. to Dismiss 11.) They cite both Burke v. Kodak Retirement Income Plan, 336 F.3d 103, 113 (2d Cir. 2003), and Weinreb v. Hospital for Joint Diseases Orthopaedic Institute, 404 F.3d 167, 171 (2d Cir. 2005), in support of their argument that a showing of prejudice is required to state a

7

claim under § 1132 (a)(3). (Defs.' Mem. Supp. Mot. to Dismiss 11.) Both cases, however, involved claims for benefits due under 29 U.S.C. § 1132(a)(1)(B), and not § 1132 (a)(3). In Weinreb, the court specifically noted that an employer's failure to provide an SPD may be cognizable as a separate claim for breach of fiduciary duty. Weinreb, 404 F.3d at 171 (citing Lee v. Burkhart, 991 F.2d 1004, 1011 (2d Cir. 1993)).

Contrary to Defendants' arguments, a showing of prejudice or harm is not a prerequisite to liability for failure to comply with ERISA's disclosure requirements or a violation of fiduciary duties under ERISA. Cavallo v. Utica-Watertown Health Ins. Co., Inc., 3 F. Supp. 2d 223, 231-32 (N.D.N.Y. 1998); James v. New York City Dist. Council of Carpenters' Benefits Funds, 947 F. Supp. 622, 634 (E.D.N.Y. 1996); Pagovich v. Moskowitz, 865 F. Supp. 130, 137-38 (S.D.N.Y. 1994) (collecting cases and noting that some earlier district courts in this circuit have found otherwise). Thus, Plaintiff is not required to show prejudice or harm to state a claim under § 1132 (a)(3), and Counts Two and Three cannot be dismissed on those grounds.

Counts Two and Three are hereby dismissed, however, because Plaintiff has not alleged that the CIGNA Defendants were plan administrators. ERISA requires that participants be furnished with a summary of the plan, but that duty is placed on the person designated under ERISA as the "administrator" of the plan, not on every fiduciary. See Lee, 991 F.2d at 1010. ERISA defines an "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated... [or] if an administrator is not so designated, the plan sponsor." 29 U.S.C. § 1002(16)(A). Plaintiff does not allege that either of the CIGNA Defendants is the plan administrator, and it appears that the SPD lists Boehringer Ingelheim Ltd. as the plan administrator. (Ex. A-2.) Therefore, Plaintiff has not alleged a necessary element of

8

the claim, and Counts Two and Three must be dismissed.

Additionally, even assuming Plaintiff properly asserted a claim against the CIGNA Defendants as plan administrators, she seeks relief under Counts Two and Three which is unavailable under Sections 1022 and 1024 of ERISA. No substantive remedies are available for violations of ERISA's procedural requirements. Gilbert v. Burlington Indus., Inc., 765 F.2d 320, 329 (2d Cir. 1985). See also Lewandowski v. Occidental Chem. Corp., 986 F.2d 1006, 1009 (6th Cir. 1993) (holding that nothing in § 1132 suggests that a beneficiary should receive a benefit award based on a failure to disclose required information). Plaintiff seeks recovery of the monthly benefits to which she is allegedly entitled, which is not only compensatory relief unavailable under ERISA (see supra 6-7), but also a substantive remedy which cannot redress a procedural violation. Gilbert, 765 F.2d at 329. Accordingly, Counts Two and Three are dismissed.

### C. Count Four (Retaliation Claim)

In Count Four of her Second Amended Complaint, Plaintiff brings a claim pursuant to Section 1140 of ERISA, which provides in relevant part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan [or ERISA]... or for the purpose of interfering with the attainment of any right to which such participant may be entitled under the plan [or ERISA].

29 U.S.C. § 1140. Plaintiff alleges that the CIGNA Defendants' showed bias and prejudice by retaliating against her. (Second Amend. Compl. ¶¶ 69-77.) The CIGNA Defendants argue that Count Four should be dismissed because Plaintiff has failed to allege retaliation or that she was exercising any right to benefits under the Plan. (Defs.' Mem. Supp. Mot. to Dismiss 12.)

As a preliminary matter, it is not clear that a cause of action is available to a non-employee beneficiary against a non-employer. Kreinik v. Showbran Photo, Inc., No. 02 Civ. 1172(RMB)(DF), 2003 WL 22339268, at *5 (S.D.N.Y. Oct. 14, 2003). It is well settled that Section 1140 provides an employee with a cause of action against an employer who has retaliated against her, id. at *3, but a majority of circuits have adopted the view that Section 1140 limits a cause of action to an employee who has been retaliated against by an employer. See, e.g., Deeming v. American Standard, Inc., 905 F.2d 1124, 1127 (7th Cir. 1990); Gavalik v. Cont'l Can Co., 812 F.2d 834, 851 (3d Cir. 1987). The Second Circuit Court of Appeals has not spoken directly to the issue, but has stated in dicta that the section "was designed primarily to prevent 'unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.'" Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1111 (2d Cir. 1988) (quoting West v. Butler, 621 F.2d 240, 245 (6th Cir. 1980)). Two lower courts in the Second Circuit have opted to follow the minority of circuits that hold a non-employee beneficiary has a cause of action under § 1140, but both cases involved claims against a former employer. Straus v. Prudential Employee Sav. Plan, 253 F. Supp. 2d 438, 448 (E.D.N.Y. 2003) (holding that former employees and non-employee beneficiaries are protected from retaliation by employer); Kreinik, 2003 WL 22339268 at *5 (post-employment retaliation by employer against former employee covered under Section 1140). Therefore, it is not clear that a cause of action exists in this case where Plaintiff is a non-employee beneficiary and, more significantly,, the CIGNA Defendants are the insurer of Plaintiff's husband's benefits rather than his former employer.

More importantly, even if this Court finds that a Section 1140 claim may be brought by a

10

non-employee beneficiary against a non-employer, Plaintiff has not pled retaliation and does not seek proper relief. In order to avoid dismissal, Plaintiff must allege that the CIGNA Defendants "interfered with the attainment of any rights" to which she was entitled under the terms of the Plan or ERISA. Straus, 253 F. Supp. 2d at 448. Plaintiff alleges only that the CIGNA Defendants stopped paying her a monthly benefit which they promised her would continue for life. She does not allege that the CIGNA Defendants acted in such a way to deny Plaintiff of her rights, or interfere with her attainment of them, in retaliation against her attempts to clarify the extent of her benefits. Additionally, Count Four seeks essentially compensatory relief that is unavailable under ERISA. See supra 6-7. Accordingly, Count Four is dismissed.

### D. Count Five (Promissory Estoppel)

In Count Five, Plaintiff alleges that the CIGNA Defendants made repeated promises of lifetime benefits to her, that she reasonably relied upon these promises to her detriment, and that she "is entitled to compensation pursuant to 29 U.S.C. 1132 § (a)(3)." (Second Amend. Compl. ¶¶ 79-85). The CIGNA Defendants move to dismiss Count Five for failure to seek equitable relief. (Defs.' Mem. Supp. Mot. to Dismiss 13.) Plaintiff counters that promissory estoppel may apply in ERISA cases under extraordinary circumstances. (Pl.'s Mem. 11.)

Principles of promissory estoppel can apply under "extraordinary circumstances" in ERISA cases arising under § 1132 (a)(1)(B). Schonholz v. Long Island Jewish Med. Center, 87 F.3d 72, 78 (2d Cir. 1996). The Second Circuit has not, however, held that promissory estoppel may apply in claims arising from violations of § 1132 (a)(3). Keiser v. CDC Inv. Mgmt. Corp. (*Keiser III*), No. 99 Civ. 12101(WHP), 2004 WL 516212 at *1 (S.D.N.Y. Mar. 17, 2004). Because Plaintiff's promissory estoppel claim is not based on § 1132 (a)(1)(B), it is dismissed.

Further, in order to state a promissory estoppel claim under ERISA, a plaintiff must allege facts sufficient to satisfy an "extraordinary circumstances" requirement, in addition to the basic four elements of promissory estoppel: 1) a promise, 2) reliance on the promise, 3) injury caused by the reliance, and 4) an injustice if the promise is not enforced. Aramony v. United Way Replacement Benefit Plan, 191 F.3d 140, 151 (2d Cir. 1999). Extraordinary circumstances are generally found only where an employer gains some benefit by intentionally inducing an employee to rely on a promise. See, e.g., Schonholz, 87 F.3d at 79 (extraordinary circumstances where employer avoided terminating an employee by inducing her voluntary resignation with the promise of severance benefits, which were subsequently revoked); Abbruscato v. Empire Blue Cross & Blue Shield, 274 F.3d 90, 101 (2d Cir. 2001) (extraordinary circumstances where employer offered early retirement incentive programs to reduce overall expenses); cf. Straus, 253 F. Supp. 2d at 453 (no extraordinary circumstances where employer promised that employees could trade funds between savings accounts and received no consideration or potential reward from employees' reliance on promise).

Plaintiff has not sufficiently alleged the existence of extraordinary circumstances necessary to establish a promissory estoppel claim under ERISA. Plaintiff alleges that she was repeatedly assured she would be entitled to lifetime benefits, and that she relied on these statements to her detriment by quitting her job to care for a sick friend. (Second Amend. Compl. ¶¶ 79, 85.) Even accepting Plaintiff's allegations as true, she has merely alleged the basic elements of promissory estoppel: a promise of benefits, reliance on that promise in terminating her employment, an injury from a lack of fixed income, and an injustice if the promise were not enforced. Plaintiff's terminating her employment in order to care for an ill friend is not the type

of situation that the Second Circuit has contemplated as "extraordinary." She does not allege that the CIGNA Defendants intentionally induced her to terminate her employment, or that they stood to gain from her resignation, allegations which might suggest extraordinary circumstances. Moreover, Plaintiff alleges that because the CIGNA Defendants did not keep their promise, she is entitled to compensation under 29 U.S.C. § 1132(a)(3). (Second Amend. Compl. ¶ 85.) ERISA does not provide for such relief, however. See supra 6-7. Accordingly, Count Five is dismissed.

### E. Counts Six and Nine (Common Law Claims)

Counts Six and Nine set forth identical facts, couched in common law claims of negligent misrepresentation and fraud, respectively. (Second Amend. Compl. ¶¶ 87-89, 107-109.) They are essentially duplicative of the claims in Counts One and Five, and allege that: the CIGNA Defendants provided repeated written notice to Plaintiff stating that she would be entitled to benefits for the duration of her lifetime (id. ¶ 87, 107); the CIGNA Defendants knew or should have known that the statements were false (id. ¶ 88, 108); and Plaintiff reasonably relied on these statements to her detriment, for which she is entitled to compensation pursuant to 29 U.S.C. § 1132(a)(3). (Id. ¶ 89, 109.) The CIGNA Defendants move to dismiss Counts Six and Nine on the grounds that the common law claims of negligent misrepresentation and fraud are preempted under ERISA.

Section 1144(a), ERISA's preemption provision, explicitly states that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. § 1144(a). ERISA preempts a state law cause of action when it is nothing more than an alternative theory of recovery for conduct actionable under ERISA and concerns the

13

extent of benefits under an employee benefit plan. See Aetna Health Inc. v. Davila, 542 U.S. 200, 214 (2004) (preemption of state law claim alleging misrepresentation of benefits promised under the terms of an ERISA plan); cf. DaPonte v. Manfredi Motors, Inc., 157 F. App'x. 328, 331 (2d Cir. 2005) (no preemption because plaintiff's claims of negligent and fraudulent misrepresentation were not based on misrepresentation of benefits promised under terms of plan). Here, Plaintiff's negligent misrepresentation and fraud claims are based on the CIGNA Defendants' alleged misrepresentations as to the extent of benefits under the terms of the Plan. Because these claims concern the extent of her benefits under the terms of the Plan, they are preempted by ERISA. Moreover, Plaintiff seeks relief which is unavailable under ERISA. See supra 6-7. Accordingly, Counts Six and Nine are dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the CIGNA Defendants' Motion to Dismiss [Doc. No. 41] is **granted**. Counts One through Five, Six, and Nine against the CIGNA Defendants are hereby dismissed.

SO ORDERED.

Dated at New Haven, Connecticut, July  14 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court
